UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X
NATIK NISIMOV,

                      Plaintiff,

  -against-

THE CITY OF NEW YORK, DETECTIVE
OGHENEVIGHD OKROKOTO, Shield #7008, POLICE
OFFICER CECILIA PENA, Shield #1303, DETECTIVE
DENISE RINALDI, Shield #4972, DETECTIVE
WINSTON MCDONALD, Shield #4785, SERGEANT
AIMAN AHMED, Shield #3429, POLICE
OFFICERS JOHN/JANE DOE(S) #S 1-10,

                      Defendants.
_____X

**AMENDED COMPLAINT**

PLAINTIFF DEMANDS TRIAL BY JURY

14-cv-4237(JBW)(VVP)

      Plaintiff NATIK NISIMOV, for his complaint, by his attorney DAVID A. ZELMAN, upon information and belief, respectfully alleges as follows:

### I. PRELIMINARY STATEMENT

1.    This is a civil rights action in which Plaintiff NATIK NISIMOV (hereinafter "NISIMOV" or "Plaintiff") seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. On or about January 2, 2014, NISIMOV was falsely arrested by employees of the City of New York, including but not limited to Detective Oghevevighd Okrokoto, Shield #7008 and Police Officer Cecilia Pena, Shield #1303, Detective Denise Rinaldi, Shield #4972, Detective Winston McDonald, Shield #4785, and Sergeant Aiman Ahmed, Shield #3429. As a result of the violation of his constitutional rights, NISIMOV suffered physical and mental injuries.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over Plaintiff's state law claims.

## III. PARTIES

3. NISIMOV at all times relevant hereto resided in Brooklyn, NY.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendant DETECTIVE OGHENEVIGHD OKROKOTO, Shield #7008, (hereinafter "OKROKOTO") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. OKROKOTO is sued in his official and individual capacity.

6. Defendant POLICE OFFICER CECILIA PENA, Shield #1303, (hereinafter "PENA") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of her employment. PENA is sued in her official and individual capacity.

7. Defendant DETECTIVE DENISE RINALDI, Shield #4972, (hereinafter "RINALDI") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as

agent, servant, and/or employee of Defendant CITY and within the scope of her employment. RINALDI is sued in her official and individual capacity.

8. Defendant DETECTIVE WINSTON MCDONALD, Shield #4785, (hereinafter "MCDONALD") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. MCDONALD is sued in his official and individual capacity.

9. Defendant SERGEANT AIMAN AHMED, Shield #3429, (hereinafter "AHMED") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. AHMED is sued in his official and individual capacity.

10. Defendants POLICE OFFICERS JOHN/JANE DOE(S) (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment. DOE(S) are sued in their official and individual capacity.

11. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

12. On or about January 2, 2014, at approximately 6:00 P.M., NISIMOV was at or near the intersection of Avenue I and Coney Island Avenue in Brooklyn, NY.

3

13. NISIMOV was approached by employees of the City of New York, including but not limited to Defendants OKROKOTO and RINALDI.

14. Defendant officers performed a search of NISIMOV's person.

15. NISIMOV was handcuffed and falsely arrested along with another individual, by Defendants, driven around for approximately a few hours while the officers picked up other individuals, and transported to the 70th precinct. Defendant MCDONALD was assigned as the arresting officer. According to the police records, Defendant AHMED was the supervisor who approved the arrest.

16. At the precinct, Defendants used excessive force and assaulted NISIMOV.

17. NISIMOV requested medical treatment. Defendants refused to allow NISIMOV medical treatment.

18. After several requests, NISIMOV was eventually transported to Maimonides Medical Center where he was treated and then returned to the 70th precinct.

19. NISIMOV was then transferred to Central Booking.

20. NISIMOV was charged with PL 220.03 Criminal Possession of a Controlled Substance in the Seventh Degree. The case was resolved via an adjournment in contemplation of dismissal. Defendant PENA signed the criminal court complaint.

21. That heretofore and on the 11th day of March, 2014, NISIMOV's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of NISIMOV, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

22. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
Pursuant to § 1983 (FALSE ARREST)

23. Paragraphs 1 through 22 of this complaint are hereby realleged and incorporated by reference herein.

24. That Defendants had neither valid evidence for the arrest of NISIMOV nor legal cause or excuse to seize and detain him.

25. That in detaining NISIMOV without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the NYPD under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. NISIMOV was but one of those persons.

26. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

27. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated. In addition, the City of New York had and has a policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

5

28. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of NISIMOV's rights alleged herein.

29. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of NISIMOV's rights, subjected NISIMOV to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

30. By reason of the foregoing, NISIMOV suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### VI. SECOND CAUSE OF ACTION
Pursuant to State Law (FALSE ARREST)

31. Paragraphs 1 through 30 are hereby realleged and incorporated by reference herein.

32. That the seizure, detention and imprisonment of NISIMOV was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

33. That Defendants intended to confine NISIMOV.

34. That NISIMOV was conscious of the confinement and did not consent to it.

35. That the confinement was not otherwise privileged.

36. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of NISIMOV's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

37. That by reason of the foregoing, NISIMOV suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### VII. THIRD CAUSE OF ACTION
### Pursuant to §1983 (EXCESSIVE FORCE)

38. Paragraphs 1 through 37 are hereby realleged and incorporated by reference herein.

39. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

40. That Defendants had no legal cause or reason to use excessive force in effectuating NISIMOV's arrest or after NISIMOV was arrested and in custody.

41. That Defendants violated NISIMOV's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

42. That at the time of the arrest or while in custody, NISIMOV did not pose a threat to the safety of the arresting officers.

43. That NISIMOV was not actively resisting arrest or attempting to evade arrest.

44. That Defendant CITY, through its officers, agents, and employees, unlawfully subjected NISIMOV to excessive force while effectuating his arrest.

45. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

46. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of NISIMOV's rights, subjected NISIMOV to excessive force while effectuating his arrest, in violation of his

rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

47. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of NISIMOV's civil rights, including but not limited to the right to be free from the application of excessive force.

48. That upon information and belief, in 2014, Defendants and CITY had a policy or routine practice of using excessive force when effectuating arrests.

49. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

50. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

51. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of NISIMOV's rights alleged herein.

52. By reason of the foregoing, NISIMOV suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### VIII. FOURTH CAUSE OF ACTION
Pursuant to State Law (EXCESSIVE FORCE)

53. Paragraphs 1 through 52 are hereby realleged and incorporated by reference herein.

54. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

55. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

56. That Defendants had no legal cause or reason to use excessive force in effectuating NISIMOV's arrest or after NISIMOV was arrested and in custody.

57. That at the time of the arrest, NISIMOV did not pose a threat to the safety of the arresting officers.

58. That NISIMOV was not actively resisting arrest or attempting to evade arrest.

59. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

60. That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of NISIMOV's rights, subjected NISIMOV to excessive force while effectuating his arrest, in violation of the laws of the State of New York.

61. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of NISIMOV's civil rights, including but not limited to the right to be free from the application of excessive force.

62. By reason of the foregoing, NISIMOV suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

IX. FIFTH CAUSE OF ACTION
Pursuant to § 1983 (DENIAL OF FAIR TRIAL)

63. Paragraphs 1 through 62 are hereby realleged and incorporated by reference herein.

64. By fabricating evidence, defendants violated NISIMOV's constitutional right to a fair trial.

65. Defendants were aware or should have been aware of the falsity of the information used to prosecute plaintiff.

66. As a result of the above constitutionally impermissible conduct, NISIMOV was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

## X. SIXTH CAUSE OF ACTION
### Pursuant to §1983 (FAILURE TO INTERVENE)

67. Paragraphs 1 through 66 are hereby realleged and incorporated by reference herein.

68. That Defendants failed to intervene when Defendants knew or should have known that NISIMOV's constitutional rights were being violated.

69. That Defendants had a realistic opportunity to intervene on behalf of NISIMOV, whose constitutional rights were being violated in their presence.

70. That a reasonable person in the Defendants' position would know that NISIMOV's constitutional rights were being violated.

71. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of NISIMOV's rights, deprived NISIMOV of his liberty when they failed to intervene to protect him from Defendants' use of excessive force, in violation of NISIMOV's rights pursuant to Fourteenth Amendment of the United States Constitution.

72. That upon information and belief, Defendants had a policy and /or custom of failing to intervene to protect citizens from excessive force by police officers. Thus, as a result of

the above described policies and customs, NISIMOV was not protected from Defendants' unconstitutional actions.

73. That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

74. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

75. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of detainees and were the cause of the violations of NISIMOV's rights alleged herein.

76. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

77. That by reason of the foregoing, NISIMOV suffered physical and psychological injuries, traumatic stress, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### XI. SEVENTH CAUSE OF ACTION
Pursuant to State Law (RESPONDEAT SUPERIOR)

78. Paragraphs 1 through 77 are hereby realleged and incorporated by reference herein.

79. That Defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

80. That at all times Defendants were acting within the scope of their employment.

81. That Defendant CITY was able to exercise control over Defendants activities.

82. That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior. By reason of the foregoing, NISIMOV suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### XII. EIGHTH CAUSE OF ACTION
### Pursuant to § 1983 (ILLEGAL SEARCH)

83. Paragraphs 1 through 82 are hereby realleged and incorporated by reference herein.

84. That Defendants searched NISIMOV's person.

85. That Defendants' search of NISIMOV's person was unlawful in that Defendants did not obtain a search warrant before search NISIMOV's person, lacked probable cause to search NISIMOV's person, and lacked probable cause to arrest NISIMOV.

86. That upon information and belief, defendant CITY has a policy and/or custom of unlawfully searching persons.

87. By reason of the unlawful search of NISIMOV's person, Defendants, acting in gross and wanton disregard of plaintiffs' rights, deprived NISIMOV of his privacy and property, in violation of rights secured to him under the Fourth and Fourteenth Amendments of the United States Constitution.

### XIII. NINTH CAUSE OF ACTION
### Pursuant to § 1983 (DENIAL OF MEDICAL TREATMENT)

88. Paragraphs 1 through 87 are hereby realleged and incorporated by reference herein.

89. While NISIMOV was detained in Defendants' custody prior to trial, Defendants attempted to deny access to medical care needed to remedy a serious medical condition.

90. Defendants attempted to deny needed medical care to NISIMOV because of deliberate indifference to NISIMOV's need therefor.

91. By reason of Defendant's acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of NISIMOV's rights, deprived NISIMOV of his liberty when it attempted to deny him medical care while NISIMOV was in its custody, in violation of his due process rights pursuant to the Fourteenth Amendment of the United States Constitution and the laws of the State of New York.

62. That in so acting, Defendant CITY, abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

93. That upon information and belief, in 2014, Defendant CITY had a policy or routine practice of denying medical care to pre-trial detainees in its custody.

94. That upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately train and supervise their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

95. That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

96. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of NISIMOV's rights alleged herein.

97. That Defendant, through its officers, agents and employees, unlawfully attempted to deny NISIMOV medical care while he was in its custody.

98. By reason of the foregoing, NISIMOV suffered mental injuries, economic injury, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### XIV. TENTH CAUSE OF ACTION
Pursuant to State Law (Assault and Battery)

99. Paragraphs 1 through 98 are hereby realleged and incorporated by reference herein.

100. That Defendants intended to cause harmful bodily contact to NISIMOV.

101. That defendant Defendants, in a hostile manner, voluntarily caused NISIMOV'S injuries.

102. That Defendants' contact with NISIMOV constituted a battery in violation of the laws of the State of New York.

103. That by reason of the foregoing, NISIMOV suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, NISIMOV has suffered and will continue to suffer economic injuries, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, NISIMOV respectfully requests that judgment be entered:

1. Awarding NISIMOV compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding NISIMOV punitive damages in an amount to be determined by a jury;

3. Awarding NISIMOV interest from January 2, 2014;

4. Awarding NISIMOV reasonable attorney's fees pursuant to 42 USC § 1988; and

5. Granting such other and further relief as to this Court deems proper.

Dated: Brooklyn, New York
November 13, 2014

_____
DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718) 604-3072